IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

STANLEY ALLYN,

       Plaintiff,

v.                                      No. 1:24-cv-00130-LF

ALANA BRADLY,
ELLINGTON #A24,
WILTBANKS,
BOURASSA, and
FNU PRIETO,

       Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS*
AND ORDER FOR AMENDED COMPLAINT**

THIS MATTER comes before the Court on *pro se* Plaintiff's Complaint, Doc. 1, filed February 8, 2024, and Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed February 8, 2024.

**I.**    **Application to Proceed *in forma pauperis***

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses, and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 F. App'x 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962)). "The statute [allowing a litigant to proceed *in forma pauperis*] was intended for the benefit of those too poor to pay or give security for costs...." *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

The Court grants Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs. Plaintiff signed an affidavit stating he is unable to pay the costs of these proceedings and provided the following information: (i) Plaintiff's average monthly income amount during the past 12 months is $0.00; (ii) Plaintiff's monthly expenses total $0.00; and (iii) Plaintiff has no cash and no money in bank accounts. The Court finds that Plaintiff is unable to pay the costs of this proceeding because he signed an affidavit stating he is unable to pay the costs of this proceeding and because he has had no income during the past 12 months.

## II.   The Complaint

Plaintiff alleges:

On March 26, 2023 Officer Bradly open a investigation by obtaining a faulst police report and obtaing faulst alfadates from SDF Freight and Will Powell none of the officers preformed a propper investagtion and conducting their sol duilliangancey. Such as obtaining G.P.S. records, BOL, video footages, rate coms, employment agreement, lease purches agreement. Lead up to a faulst arrest the officer committed assorcery to thief of services by association by acting onto a faulst police report. Created several damages both crimnel and personal they also helped or committed thief of personal items by not by not removal of plaintiff personal property. Their employers and employers insurance refuse to accept or take finical responably and drag their feet to all the stat statuce. Think the claim can be droped however if complaint has been provide with agency that statuce does not apply according to A.R.S. laws.

[sic] Complaint at 1.

The Complaint fails to state a claim upon which relief can be granted.  "[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007).  The Complaint contains one allegation that Defendant Bradly opened an investigation by obtaining a false police report and false affidavits.  The Complaint does not otherwise describe what each Defendant did to Plaintiff, when Defendants did it or what specific right Plaintiff believes each Defendant violated.  Plaintiff's conclusory allegations regarding false police reports, false affidavits, and persons not performing a proper investigation, and vague references to unidentified statutes, are not sufficient to state a claim.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based").

Plaintiff did not sign the Complaint as required by Rule 11 of the Federal Rules of Civil Procedure which states: "Every pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented. . . The Court must strike an unsigned paper unless the omission is promptly corrected after being called to the  .  .  .  party's attention." Fed. R. Civ. P. 11(a)

### III.    Proceeding *in forma pauperis*

Plaintiff is proceeding *in forma pauperis*.  The statute governing proceedings *in forma pauperis* states "the court shall dismiss the case at any time if the court determines that … the action … fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see also Webb v. Caldwell*, 640 F. App'x 800, 802 (10th Cir. 2016) ("We have held that a pro se complaint filed under a grant of *ifp* can be dismissed under § 1915(e)(2)(B)(ii) for failure to state a claim …

only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend").

While the Complaint can be dismissed for failure to state a claim, it is not obvious that it would be futile to give Plaintiff an opportunity to amend. The Court grants Plaintiff leave to file an amended complaint. If Plaintiff files an amended complaint, the amended complaint must comply with the Federal Rules of Civil Procedure and the District of New Mexico's Local Rules of Civil Procedure. *See* FED. R. CIV. P. 10(b) ("A party must stae its claims . . . in numbered paragraphs"). The Court reminds Plaintiff that he must sign the amended complaint. *See* FED. R. CIV. P. 11(a).

## IV.     Service on Defendants

Section 1915 provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]"). 28 U.S.C. § 1915(d). The Court will not order service at this time because the Court is ordering Plaintiff to file an amended complaint. The Court will order service if: (i) Plaintiff files an amended complaint that states a claim over which the Court has subject-matter jurisdiction; and (ii) files a motion for service which includes the address of each Defendant.

## V.     Case Management

Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys. It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (October 2022). The Local Rules, the Guide for Pro Se Litigants, and a link to the Federal Rules of Civil Procedure are available on the Court's website: http://www.nmd.uscourts.gov.

4

VI.     **Compliance with Rule 11**

The Court reminds Plaintiff of his obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure.  *See Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure.").  Rule 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> **(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

FED. R. CIV. P. 11(b).  Failure to comply with the requirements of Rule 11 may subject Plaintiff to sanctions, including monetary penalties and nonmonetary directives.  *See* FED. R. CIV. P. 11(c).

IT IS THEREFORE ORDERED that:

(i)     Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed February 8, 2024, is GRANTED.

(ii)     Plaintiff shall, within 21 days of entry of this Order, file an amended complaint.

Failure to timely file an amended complaint may result in dismissal of this case.

_____
Laura Fashing
United States Magistrate Judge